UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | | |
|---|---|---|
| Securities and Exchange Commission | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.1:09-cv-0704SEB-JMS |
| | ) | |
| Berkshire Resources, L.L.C., | ) | *Electronically Filed* |
| Berkshire (40L), L.L.P., | ) | |
| Berkshire, 2006-5, L.L.P., | ) | |
| Passmore-5, L.L.P, | ) | |
| Gueydan Canal 28-5, L.L.P., | ) | |
| Gulf Coast Development #12, L.L.P., | ) | |
| Drilling Deep in the Louisiana Water, J.V., | ) | |
| Jason T. Rose, | ) | |
| David G. Rose, | ) | |
| Mark D. Long, | ) | |
| Yolanda C. Velazquez | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| Brian C. Rose and Joyce A. Rose | ) | |
| | ) | |
| Relief Defendants. | ) | |

### ANSWER OF DEFENDANT JASON T. ROSE
### AND RELIEF DEFENDANTS BRIAN C. ROSE AND JOYCE A. ROSE

Defendant Jason T. Rose and Relief Defendants Brian C. Rose and Joyce A. Rose (collectively, the "Roses" or "Defendants") hereby submit their Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Defendants deny any allegations contained in the Complaint that are not specifically admitted herein.

## Introduction

1.  Defendants admit so much of numerical Paragraph 1 of the Complaint as may allege that Plaintiff has brought an action against numerous parties listed in that Paragraph. Defendants deny that any such claims are valid. The remainder of numerical Paragraph 1 contains only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in numerical Paragraph 1.

2.  Defendants admit so much of numerical Paragraph 2 as may allege that Berkshire raised money from investors and engaged in some marketing activities. Defendants are without knowledge or information to respond to the remaining allegations contained in numerical Paragraph 2 of the Complaint and they are, therefore, denied.

3.  Defendants deny the allegations contained in numerical Paragraph 3.

4.  Defendants deny the allegations contained in numerical Paragraph 4.

5.  Defendants are without sufficient knowledge or information to respond to the allegations contained in numerical Paragraph 5 of the Complaint. To the extent a response is required, Defendants deny the allegations in numerical Paragraph 5.

6.  Defendants are without sufficient knowledge or information to respond to the allegations contained in numerical Paragraph 6 of the Complaint concerning broker-dealer registration. Defendants deny the remaining allegations of numerical Paragraph 6 of the Complaint.

7.  Numerical Paragraph 7 contains only legal conclusions to which no response is required. To the extent numerical Paragraph 7 contains any averments to which a response is required, Defendants deny the allegations in Paragraph 7.

## DEFENDANTS AND RELIEF DEFENDANTS

### Defendants

8. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 8 and, therefore, they are denied.

9. Defendants admit that David G. Rose is the father of Jason T. Rose and Brian C. Rose and the former husband of Joyce A. Rose. Defendants are without knowledge or information to respond to the remaining allegations contained in numerical Paragraph 9 and, therefore, they are denied.

10. Defendants admit that Jason T. Rose is 35, that he resides in Crestwood, Kentucky, and that he is a managing member of Berkshire. The remainder of numerical Paragraph 10 contains only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in numerical Paragraph 10.

11. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 11 and, therefore, they are denied.

12. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 12 and, therefore, they are denied.

13. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 13 and, therefore, they are denied.

14. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 14 and, therefore, they are denied.

15. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 15 and, therefore, they are denied.

16. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 16 and, therefore, they are denied.

17. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 17 and, therefore, they are denied.

18. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 18 and, therefore, they are denied.

**Relief Defendants**

19. Brian C. Rose admits he is 28 and resides in Kentucky. He further admits he owns and operates Jupiter Energy, LLC, an oil and gas company that provided valuable and legitimate operational services to Berkshire. The Kentucky action referenced is of public record and speaks for itself. The remaining allegations in numerical Paragraph 19 are denied.

20. Joyce A. Rose admits she is 57 and resides in Kentucky. The remaining allegations contained in numerical Paragraph 20 are denied.

**JURISDICTION AND VENUE**

21. Numerical Paragraph 21 contains only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in numerical Paragraph 21.

22. Numerical Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Berkshire maintained an office in Jeffersonville, Indiana, and that Jason Rose worked there. Defendants further admit that Berkshire contracted with Brian Rose's company for the performance of legitimate services, and that Berkshire paid funds lawfully and legitimately to Brian Rose (for his company's work) and to Joyce Rose. To the extent that a further response is required, Defendants are without

sufficient knowledge or information to respond to the remaining allegations and, therefore, they are denied.

23.   Numerical Paragraph 23 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## FACTS

### A.   Background

24.   Jason T. Rose admits in numerical Paragraph 24 that his title was "managing member." The remaining allegations contained in numerical Paragraph 24 are denied.

25.   Jason T. Rose admits that he participated in sending offering materials to investors. Defendants are without knowledge or information to respond to the remaining allegations contained in numerical Paragraph 25 and, therefore, they are denied.

26.   Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 26 and, therefore, they are denied.

27.   Brian C. Rose admits that Berkshire lawfully contracted with Jupiter Energy, L.L.C. for the performance of legitimate services. Defendants are without knowledge or information to respond to the remaining allegations contained in numerical Paragraph 27 and, therefore, they are denied.

### B.   Fraudulent Offerings

28.   Defendants admit that Berkshire raised funds from investors. Defendants are without knowledge or information to respond to the remaining allegations contained in numerical Paragraph 28 and, therefore, they are denied.

29. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 29 and, therefore, they are denied.

30. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 30 and, therefore, they are denied.

31. Jason T. Rose admits that he participated in sending materials to investors. Defendants are without knowledge or information to respond to the remaining allegations contained in numerical Paragraph 31 and, therefore, they are denied.

32. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 32 and, therefore, they are denied.

33. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 33 and, therefore, they are denied.

34. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 34 and, therefore, they are denied.

35. Defendants assert that the "offering" speaks for itself. To the extent the allegations in numerical Paragraph 35 differ from the contents of the "offering," Defendants deny the remaining allegations contained therein.

36. Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 36 and, therefore, they are denied. To the extent that numerical Paragraph 36 calls for legal conclusions, no response is required.

### C.     Misrepresentations and Omissions

#### 1.     False and Misleading Statements Regarding the Use of Proceeds

37.     Defendants are without knowledge or information to respond to the allegations concerning the activities of sales agents contained in numerical Paragraph 37 and, therefore, they are denied.  Defendants respond that the contents of the "PPMs" and offering materials speak for themselves.  To the extent the allegations contained in numerical Paragraph 37 differ from the contents of the "PPMs," Defendants deny the allegations in numerical Paragraph 37.  Defendants otherwise deny numerical Paragraph 37.

38.     Defendants admit that they each received some funds from Berkshire, but that the funds received were lawful and legitimate payments.  Defendants deny the remaining allegations in numerical Paragraph 38.

39.     Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 39 and, therefore, they are denied.

#### 2.     Misrepresentations Regarding the Management of Berkshire

40.     Defendants assert that the contents of the "PPMs" speak for themselves.  To the extent the allegations contained in numerical Paragraph 40 differ from the contents of the "PPMs," Defendants deny the allegations in numerical Paragraph 40.  The remaining allegations contained in numerical Paragraph 40 are denied.

41.     Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 41 and, therefore, they are denied.

42.     Defendants are without knowledge or information to respond to the allegations contained in numerical Paragraph 42 and, therefore, they are denied.

> 3. **False and Misleading Statements Concerning Jason Rose's Experience and Success in the Oil and Gas Industry**

43. Defendants assert that the contents of the "PPMs" and the DVDs speak for themselves. To the extent the allegations contained in numerical Paragraph 43 differ from the contents of the "PPMs" and the DVDs, Defendants deny those allegations.

44. Defendants assert that the contents of the "PPMs" and its attachments speak for themselves. With respect to the remaining allegations contained in numerical Paragraph 44, Defendants are without knowledge or information to respond to the allegations contained therein, and, therefore, they are denied.

45. Defendants deny the allegations contained in numerical Paragraph 45. With respect to the allegations regarding David Rose, Defendants are without knowledge or information to respond to the allegations contained therein and, therefore, they are denied.

## CLAIMS FOR RELIEF

## COUNT 1

### Sale of Unregistered Securities in Violation of
### Sections 5(a) and 5(c) of the Securities Act by All Defendants

46. Defendants incorporate, as though fully set forth herein, their Answers to numerical Paragraphs 1-45 of the Complaint.

47. Numerical Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

48. Numerical Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

49. Numerical Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

## COUNT II

### Fraud in the Violation of Section 17(a)(1) of the Securities Act by Berkshire, the Berkshire Offerings, Jason Rose, and David Rose

50. Defendants incorporate, as though fully set forth herein, their Answers to numerical Paragraphs 1-49 of the Complaint.

51. Numerical Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

52. Numerical Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

## COUNT III

### Fraud in Violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act by Berkshire, the Berkshire Offerings, Jason Rose, and David Rose

53. Defendants incorporate, as though fully set forth herein, their Answers to numerical Paragraphs 1-52 of the Complaint.

54. Numerical Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

55. Numerical Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

## COUNT IV

### Fraud in Violation of Section 10(b) of the Exchange Act and Rule 10b-5 by Berkshire, the Berkshire Offerings, Jason Rose, and David Rose

56. Defendants incorporate, as though fully set forth herein, their Answers to numerical Paragraphs 1-55 of the Complaint.

57. Numerical Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

58. Numerical Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

## COUNT V

### Violations of Section 15(a) of the Exchange Act by Berkshire, Jason Rose, David Rose, Long, and Velazquez

59. Defendants incorporate, as though fully set forth herein, their Answers to numerical Paragraphs 1-58 of the Complaint.

60. Numerical Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

61. Jason T. Rose admits he is not registered with the Commission as a broker or dealer. With respect to the remaining allegations of numerical Paragraph 61, Defendants are without knowledge or information and, therefore, they are denied.

62. Numerical Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

## COUNT VI

### Violation of Section 15(b)(6)(B)(i) of the Exchange Act by Velazquez

63. Defendants incorporate, as though fully set forth herein, their Answers to numerical Paragraphs 1-62 of the Complaint.

64. Numerical Paragraph 64 makes no allegations against any of the Defendants. Numerical Paragraph 64 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

65. Numerical Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

66. The Complaint's "prayer for relief" contains no factual allegations and does not require a response. But to the extent a response is required, Defendants deny the "prayer for relief."

67. No defense in this Answer shall be deemed an affirmative defense unless failure to assert the defense shall result in waiver thereof.

68. Defendants deny any and all allegations in Plaintiff's Complaint not specifically admitted herein.

## SECOND DEFENSE

69. The Complaint, and each of its claims for relief against Defendants, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

70. Plaintiff's claims fail to the extent they are barred, in whole or in part, by the doctrines of estoppel, release, waiver, detrimental reliance, laches, ratification and unclean hands.

## FOURTH DEFENSE

71. All actions by Defendants were taken, made, and done in good faith, and were not based on any unlawful consideration and were not otherwise the result of any unlawful motive.

## FIFTH DEFENSE

72. The Complaint, and each of its claims for relief, may be barred or limited, in whole or in part, by applicable statute(s) of limitations and /or repose.

## SIXTH DEFENSE

73. Defendants reserve the right to rely on any statutory defenses under the statutes upon which Plaintiff seeks relief.

## SEVENTH DEFENSE

74. Defendants assert that any moneys paid by Berkshire to Jason T. Rose were lawfully and legitimately due to Jason T. Rose.

## EIGHTH DEFENSE

75. Defendants assert that any moneys delivered by Berkshire to Brian C. Rose or one of his businesses were lawfully and legitimately owed to Brian C. Rose or one of his businesses for services rendered to Berkshire.

## NINTH DEFENSE

75. Defendants assert that any moneys delivered by Berkshire to Joyce A. Rose were lawfully and legitimately owed by Berkshire to Joyce A. Rose.

## **TENTH DEFENSE**

76. Defendants deny all averments contained in the Complaint and each of its claims for relief that have not been expressly denied. Defendants reserve the right to file further pleadings and assert other defenses in this action (including an Amended Answer) based upon legal theories, which may or will be divulged through clarification of the Complaint, through discovery, or through further legal analysis of Plaintiff's positions in this litigation. Similarly, Defendants reserve the right to assert Cross-Claims, Counterclaims and Third-Party Claims, as necessary.

Respectfully submitted,

*s/Cory J. Skolnick*
Robert C. Webb (KY No. 82773)
Cory J. Skolnick (KY No. 92258)
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky  40202
Phone:  (502) 589-5400
Fax:  (502) 581-1087
Email:  bwebb@fbtlaw.com
            cskolnick@fbtlaw.com

*Attorneys for Defendant Jason T. Rose
and Relief Defendants
Brian C. Rose and Joyce A. Rose*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

C. Ian Anderson
SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue
Suite 1800
Miami, Florida 33131
andersonci@sec.gov

Andrew J. Miroff
ICE MILLER LLP
One American Square
P.O. Box 82001
Indianapolis, IN 46204
drew.miroff@icemiller.com

                                                     *s/Cory J. Skolnick*
                                                     Robert C. Webb (KY No. 82773)
                                                     Cory J. Skolnick (KY No. 92258)
                                                     FROST BROWN TODD LLC
                                                     400 West Market Street, 32nd Floor
                                                     Louisville, Kentucky  40202
                                                     Phone:  (502) 589-5400
                                                     Fax:  (502) 581-1087
                                                     Email:  bwebb@fbtlaw.com
                                                                                 cskolnick@fbtlaw.com

                                                     *Attorneys for Defendant Jason T. Rose*
                                                     *and Relief Defendants*
                                                     *Brian C. Rose and Joyce A. Rose*

LOULibrary 0110780.0543514 849567v1