UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CASE NO. 1:09-0704-SEB-JMS

**SECURITIES AND EXCHANGE COMMISSION,**

                **Plaintiff,**

v.

**BERKSHIRE RESOURCES, L.L.C.,**
**BERKSHIRE (40L), L.L.P.,**
**BERKSHIRE 2006-5, L.L.P.,**
**PASSMORE-5, L.L.P.,**
**GUEYDAN CANAL 28-5, L.L.P.,**
**GULF COAST DEVELOPMENT #12, L.L.P.,**
**DRILLING DEEP IN THE LOUISIANA WATER, J.V.,**
**JASON T. ROSE,**
**DAVID G. ROSE,**
**MARK D. LONG,**
**YOLANDA C. VELAZQUEZ,**

                **Defendants,**

**BRIAN C. ROSE AND JOYCE A. ROSE,**

                **Relief Defendants.**
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST CERTAIN DEFENDANTS AND ENTERING PERMANENT INJUNCTION

**THIS MATTER** is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of a Default Judgment of Permanent Injunction and Other Relief Against Certain Defendants. Having considered the motion and the entire record, the Court enters the following order granting the Plaintiff's motion, and imposing a Default Judgment of Permanent Injunction and Other Relief against Defendants Berkshire Resources, L.L.C., Berkshire (40L), L.L.P., Berkshire 2006-5, L.L.P., Passmore-5, L.L.P., Gueydan Canal 28-5, L.L.P., Gulf

Coast Development #12, L.L.P., and Drilling Deep In the Louisiana Water, J.V. (the "Berkshire Defendants"):

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has personal jurisdiction over the Berkshire Defendants and the subject matter of this action. Venue is proper in the Southern District of Indiana.

2. Each of the Berkshire Defendants was properly served with a summons and a copy of the complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.

3. As of the date of this Order, each of the Berkshire Defendants has failed to answer or otherwise file a responsive pleading to the complaint as required by the Federal Rules of Civil Procedure.

4. The Clerk of the Court entered a default against the Berkshire Defendants on November 16, 2009. By virtue of the default and the failure to respond to the complaint, each of the Berkshire Defendants is deemed to have admitted the allegations of the complaint and liability is established against them. Accordingly, the Court finds the Berkshire Defendants committed the securities laws violations alleged in the complaint.

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of a Default Judgment of Permanent Injunction and Other Relief Against Certain Defendants is **GRANTED**. Default Judgment is entered against Defendants Berkshire Resources, L.L.C., Berkshire (40L), L.L.P., Berkshire 2006-5, L.L.P., Passmore-5, L.L.P., Gueydan Canal 28-5, L.L.P., Gulf Coast Development #12, L.L.P., and Drilling Deep In the Louisiana Water, J.V. as follows:

## PERMANENT INJUNCTION

### A. Sections 5(a) and 5(c) of the Securities Act of 1933

**IT IS ORDERED AND ADJUDGED** that the Berkshire Defendants, their agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h..

**B.     Section 17(a) of the Securities Act of 1933**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Berkshire Defendants, their agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**C.     Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Berkshire Defendants, their agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. §240.10b-5, by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### 120-DAY EXTENSION

**IT IS FURTHER ORDERED AND ADJUDGED** that this action will remain open and active against the Berkshire Defendants, and the Commission has 120 days from the date of this order to file a motion for disgorgement and/or a civil penalty with respect to the Berkshire Defendants.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction over this matter and the Berkshire Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

Date: 11/20/2009

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to counsel and parties of record

5