UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CASE NO. 1:09-0704-SEB-JMS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BERKSHIRE RESOURCES, L.L.C.,
BERKSHIRE (40L), L.L.P.,
BERKSHIRE 2006-5, L.L.P.,
PASSMORE-5, L.L.P.,
GUEYDAN CANAL 28-5, L.L.P.,
GULF COAST DEVELOPMENT #12, L.L.P.,
DRILLING DEEP IN THE LOUISIANA WATER, J.V.,
JASON T. ROSE,
DAVID G. ROSE,
MARK D. LONG,
YOLANDA C. VELAZQUEZ,

Defendants,

BRIAN C. ROSE AND JOYCE A. ROSE,

Relief Defendants.
_____/

## CONSENT OF DEFENDANT YOLANDA C. VELAZQUEZ
## TO ENTRY OF FINAL JUDGMENT

1.  Defendant Yolanda C. Velazquez ("Velazquez") acknowledges service of a summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over her and over the subject matter of this action.

2.  Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which she admits), Velazquez hereby consents to the entry of the Final Judgment as to Defendant Yolanda C. Velazquez in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1



(a) permanently restrains and enjoins Velazquez from violating Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a) and (c);

(b) permanently restrains and enjoins Velazquez from violating Section 15(a) of the Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78o(a);

(c) permanently restrains and enjoins Velazquez from violating of Section 15(b)(6)(B)(i) of the Exchange Act, 15 U.S.C. § 78o(b)(6)(B)(i);

(d) orders Velazquez to pay disgorgement in the amount of $280,329.08, plus prejudgment interest of $26,971.04; and

(e) orders Velazquez to pay a civil penalty in the amount of $130,000 under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d).

3. Velazquez agrees the $437,300.12 shall be due and payable within ten days of entry of the Final Judgment. Payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Yolanda C. Velazquez as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to the Final Judgment. Velazquez shall simultaneously transmit photocopies of such payment and letter to C. Ian Anderson, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131.

4. Velazquez agrees that she shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Velazquez pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Velazquez further agrees that she shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Velazquez pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Velazquez waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Velazquez waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Velazquez enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to Velazquez or anyone acting on her behalf to induce Velazquez to enter into this Consent.

8. Velazquez agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Velazquez will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.  Velazquez waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Velazquez of its terms and conditions. Velazquez further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Velazquez has received and read a copy of the Final Judgment.

11.  Consistent with 17 C.F.R. §202.5(f), this Consent resolves only the claims asserted against Velazquez in this civil proceeding. Velazquez acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Velazquez waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Velazquez further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Velazquez understands that she shall not be permitted to contest the factual allegations of the Complaint in this action.

12.  Velazquez understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. §202.5. In

compliance with this policy, Velazquez agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Velazquez hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint.  If Velazquez breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Velazquez's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Velazquez hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Velazquez to defend against this action.  For these purposes, Velazquez agrees that she is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Velazquez agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Velazquez agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: October 21, 2009

_____
Yolanda C. Velazquez

On October 21, 2009, Yolanda C. Velazquez, a person ___ personally known to me or _X_ produced a Florida-issued driver's license, personally appeared before me and acknowledged executing the foregoing Consent.



Notary Public
Commission expires:

Approved as to form:

Peter B. King, Esq.
Fowler White Boggs
501 East Kennedy Boulevard, Suite 1700
Tampa, FL 33602
peter.king@fowlerwhite.com
Phone: (813) 222-3316
Fax:    (813) 229-8313
*Counsel for Defendant Yoland C. Velazquez*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CASE NO. 1:09-0704-SEB-JMS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BERKSHIRE RESOURCES, L.L.C.,
BERKSHIRE (40L), L.L.P.,
BERKSHIRE 2006-5, L.L.P.,
PASSMORE-5, L.L.P.,
GUEYDAN CANAL 28-5, L.L.P.,
GULF COAST DEVELOPMENT #12, L.L.P.,
DRILLING DEEP IN THE LOUISIANA WATER, J.V.,
JASON T. ROSE,
DAVID G. ROSE,
MARK D. LONG,
YOLANDA C. VELAZQUEZ,

Defendants,

BRIAN C. ROSE AND JOYCE A. ROSE,

Relief Defendants.
_____/

## FINAL JUDGMENT AS TO
## DEFENDANT YOLANDA C. VELAZQUEZ

The Securities and Exchange Commission having filed a Complaint and Defendant Yolanda C. Velazquez having: entered a general appearance; consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which she admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

## SECTIONS 5(a) AND 5(c) OF THE SECURITITES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that Velazquez and her agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h..

## II.

### VIOLATION OF SECTION 15(a) OF
### THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Velazquez and her agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78o(a), by using of any means or instrumentality of interstate commerce or of the mails, engaging in the business of effecting transactions in securities for the accounts of others or inducing or effecting the purchase and sale of securities while not themselves registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or (in the case of Velazquez) while not associated with a broker-dealer that was so registered, in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78j(a).

## III.

### VIOLATION OF SECTION 15(b)(6)(B)(i) OF
### THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Velazquez and her agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(b)(6)(B)(i) of the Exchange Act, 15 U.S.C. § 78o(b)(6)(B)(i), by becoming associated with, or associating with, a broker dealer without the consent of the Commission.

IV.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Velazquez is liable for disgorgement of $280,329.08, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $26,971.04; and a civil penalty in the amount of $130,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). The total amount, $437,300.12, shall be due and payable within ten days of entry of the Final Judgment. Payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Yolanda C. Velazquez as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to the Final Judgment. Velazquez shall simultaneously transmit photocopies of such payment and letter to C. Ian Anderson, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Velazquez shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Velazquez pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Velazquez further shall not claim, assert, or apply for a tax

4

deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Velazquez pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

V.

**INCORPORATION OF CONSENT**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Velazquez shall comply with all of the undertakings and agreements set forth therein.

VI.

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

**RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2009

                                                    THE HONORABLE SARAH EVANS BARKER
                                                    UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

