UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

**SECURITIES AND EXCHANGE COMMISSION,**

          **Plaintiff,**

v.

**BERKSHIRE RESOURCES, L.L.C.,
BERKSHIRE (40L), L.L.P.,
BERKSHIRE 2006-5, L.L.P.,
PASSMORE-5, L.L.P.,
GUEYDAN CANAL 28-5, L.L.P.,
GULF COAST DEVELOPMENT #12, L.L.P.,
DRILLING DEEP IN THE LOUISIANA WATER, J.V.,
JASON T. ROSE,
DAVID G. ROSE,
MARK D. LONG,
YOLANDA C. VELAZQUEZ,**

Case No. 1:09-cv-704  SEB-JMS

          **Defendants,**

**BRIAN C. ROSE AND JOYCE A. ROSE,**

          **Relief Defendants.**

_____/

**FINAL JUDGMENT AS TO
<u>DEFENDANT YOLANDA C. VELAZQUEZ</u>**

The Securities and Exchange Commission having filed a Complaint and Defendant Yolanda C. Velazquez having: entered a general appearance; consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which she admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

## **SECTIONS 5(a) AND 5(c) OF THE SECURITITES ACT OF 1933**

**IT IS ORDERED AND ADJUDGED** that Velazquez and her agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h..

## II.

### VIOLATION OF SECTION 15(a) OF
### THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Velazquez and her agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78o(a), by using of any means or instrumentality of interstate commerce or of the mails, engaging in the business of effecting transactions in securities for the accounts of others or inducing or effecting the purchase and sale of securities while not themselves registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or (in the case of Velazquez) while not associated with a broker-dealer that was so registered, in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78j(a).

## III.

### VIOLATION OF SECTION 15(b)(6)(B)(i) OF
### THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Velazquez and her agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(b)(6)(B)(i) of the Exchange Act, 15 U.S.C. § 78o(b)(6)(B)(i), by becoming associated with, or associating with, a broker dealer without the consent of the Commission.

IV.

**DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY**

**IT IS FURTHER ORDERED AND ADJUDGED** that Velazquez is liable for disgorgement of $280,329.08, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $26,971.04; and a civil penalty in the amount of $130,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). The total amount, $437,300.12, shall be due and payable within ten days of entry of the Final Judgment. Payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Yolanda C. Velazquez as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to the Final Judgment. Velazquez shall simultaneously transmit photocopies of such payment and letter to C. Ian Anderson, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Velazquez shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Velazquez pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Velazquez further shall not claim, assert, or apply for a tax

deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Velazquez pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## V.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Velazquez shall comply with all of the undertakings and agreements set forth therein.

## VI.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  __12/18/2009

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to: Counsel of Record