UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CASE NO. 1:09-0704-SEB-JMS

**SECURITIES AND EXCHANGE COMMISSION,**

        Plaintiff,

v.

**BERKSHIRE RESOURCES, L.L.C.,
BERKSHIRE (40L), L.L.P.,
BERKSHIRE 2006-5, L.L.P.,
PASSMORE-5, L.L.P.,
GUEYDAN CANAL 28-5, L.LP.,
GULF COAST DEVELOPMENT #12, L.L.P.,
DRILLING DEEP IN THE LOUISIANA WATER, J.V.,
JASON T. ROSE,
DAVID G. ROSE,
MARK D. LONG,
YOLANDA C. VELAZQUEZ.**

        Defendants.

**BRIAN C. ROSE AND JOYCE A. ROSE,**

        Relief Defendants.
_____/

**PLAINTIFF'S SECOND MOTION TO EXTEND TIME TO SERVE
COMPLAINT AND SUMMONS UPON DEFENDANTS MARK D. LONG AND
DAVID G. ROSE AND SUPPORTING MEMORANDUM OF LAW**

    Plaintiff Securities and Exchange Commission respectfully requests that the Court grant an additional extension of the 120-day time limit to serve our Summons and Complaint upon Defendants Mark D. Long and David G. Rose, pursuant to Fed.R.Civ.P. 4(m). This is the Commission's second request for an extension.

**I.      BACKGROUND**

    The Commission brought this action on June 9, 2009, to enjoin Berkshire Resources, L.L.C.,

its principals, Jason T. Rose and David G. Rose, the five limited liability partnerships and one joint venture through which Berkshire carried out an offering fraud, and Mark D. Long and Yolanda Velazquez, Berkshire's head sales agents, from continuing to defraud investors through the sale of securities in violation of the federal securities laws. The Commission also named as relief defendants in the action Brian C. Rose and Joyce Rose.

The Commission has successfully served all of the defendants and relief defendants in this action with the exception of David Rose and Mark Long. The other defendants were served in June or July 2009 either by a process server or through their legal counsel. Defendants Rose and Long have not appeared in this matter either individually or through legal counsel.

Prior to October 2009, service of process was attempted on David Rose on at least five separate occasions. *See* Affidavit of Service, dated October 1, 2009 [D.E. 26, Ex. A]. On June 23, 2009, a service attempt was made at his last known address, 12202 Owl Cove Place, Anchorage, KY 40223, at around 7:00 p.m. The process server made more than four additional attempt to serve Rose at this address at various times and dates between July and September 2009. *Id.* At least one of those times was after 9:00 p.m. The process server was unable to verify whether any of the residents were at home during these service attempts.

Service of process was attempted on Long on eight different occasions at six different addresses. See Affidavit Regarding Attempts of Service, dated July 9, 2009 and Affidavit of Non-Service, dated October 1, 2009 [D.E. 26, Ex. B & C]. Through a process server, the Commission has repeatedly attempted to serve Long at private and business addresses associated with him in Louisville, Kentucky; New Albany, Indiana; Jefferson, Indiana; and Chuluota, Florida. The process server's attempts to serve Long at the business addresses were frustrated by an inability to gain access to the buildings due to security and the occupants being unwilling to grant him access. *Id.*

On October 7, 2009, the Court granted the Commission's motion for an extension of time until February 4, 2010, to serve Long and Rose with the Summons and Complaint [D.E. 36]. The process server made an attempt on November 16, 2009, to serve Rose at the Gene Snyder United States Courthouse in Louisville, Kentucky where Rose was scheduled to appear at a sentencing hearing, but the hearing was rescheduled for December 18, 2009. *See* Affidavit of Service Attempts dated December 23, 2009, attached hereto as Exhibit A. Rose's December 18, 2009 sentencing hearing was subsequently rescheduled again for February 16, 2010. On January 27, 2010, a further service attempt was made on Rose at his last known address, 12202 Owl Cove Place, Anchorage, KY. Affidavit of Service, dated February 2, 2010, attached hereto as Exhibit B.

After October 1, 2009, the process server attempted two more times to serve Long at a business address for Earth Energy Exploration, at 1829 E. Spring Street, New Albany, IN, but was unable to gain access to the building. *See* Affidavit Regarding Attempts of Service, dated December 23, 2009, attached hereto as Exhibit C. On January 27, 2010, a process server attempted to serve Long at his last known address, 4311 Allicent Road, Louisville, KY. *See* Affidavit Regarding Attempting Service, dated February 2, 2010, attached hereto as Exhibit D.

Despite continued diligent efforts, the Commission has been unable to serve Defendants Long and Rose. The Commission believes both defendants are continuing to evade service, and is actively attempting to locate and serve them. Accordingly, the Commission requests that the Court grant it an additional 120 days to complete service under FRCP 4(m).

## II.   MEMORANDUM OF LAW

Rule 4(m) of the Federal Rules of Civil Procedure provides that service should be made upon a defendant within 120 days after the filing of the Complaint. This rule further provides that if service is not made within that time, the court may dismiss the action without prejudice or direct that

3

service be effected within a specific time "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period." Fed.R.Civ.P. 4(m). The Advisory Committee Notes explain that this Rule requires a court to extend the time for service where the plaintiff shows good cause for failing to serve the defendant within the 120 days and even "authorizes the court to relieve a plaintiff of the consequences of an application of the subdivision even if there is no good cause shown." Advisory Committee's Notes to 1993 and 2007 amendments of Fed.R.Civ.P. 4(m).[1] The Advisory Committee Notes further provide that additional time for service may be justified where the defendant is evading service. *Id.*

The Eleventh Circuit has specifically recognized that Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horemkamp*, 402 F.3d at 1132 (quoting the Advisory Committee Notes and finding an extension of time to perfect service was warranted where service was not perfected within time limit due to plaintiff's mistake); *Hawkins v. Eslinger, et al.,* No. 6:07-cv-1261-Orl-19UAM, 2008 WL 215710, at *6 (M.D. Fla. Jan. 24, 2008) (citing *Horenkamp*, the court observed "[i]n certain circumstances, a court may extend the period of service even absent the showing of good cause."); *Rustica Franchise Co., Inc. v. Rustica Gainesville, Inc., et al.*, No. 1:07cv234-SPM-AK, 2008 U.S. Dist. LEXIS 20061, at *1 (N.D. Fla. Mar. 13, 2008) ("Under [Fed.R.Civ.P.] 4(m), the Court may extend the time for service even when a plaintiff has failed to show good cause") (citing *Horenkamp*, 402 F.3d at 1132). The Eleventh Circuit specifically referred to the Advisory Committee Notes to explain that a defendant's attempt to evade service would justify an extension of service for good cause shown. *Id.*

---

[1] Although not binding, the interpretation of the Federal Rules of Civil Procedure in the Advisory Committee Notes are accorded great weight in interpreting the federal rules. *Horenkamp v. Van Winkle & Co*., 402 F.3d 1129, 1132 (11th Cir. 2005) (citation omitted).

4

Following the Eleventh Circuit's reasoning, courts in the Middle District of Florida have held "[i]t is well established that "[t]he 120 day mandate imposed by Rule 4([m]) was not meant to be enforced harshly or inflexibly." *Cruz v. R.M. Cleaning of Florida, Inc. et al,* No. 6:07-cv-1899-Orl-18KRS, 2008 U.S. Dist. LEXIS 30958 at *2 (M.D. Fla. Apr. 1, 2008) (citing *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995)); *Campos v. C&S Drywall Co., Inc.*, No. 6:06-cv-1252-Orl-31KRS, 2006 U.S. Dist. LEXIS 92025, at *2 (M.D. Fla. Dec. 20, 2006) (citing *Gambino*, 164 F.R.D. at 274); *Victoria Ins. Co. v. Montanta, et al.*, No. 3:07-cv-1048-J-12MCR, 2008 U.S. Dist. LEXIS 19624 at *1-2 (M.D. Fla. Mar. 13, 2008) (granting motion for extension of time to serve summons and complaint for plaintiff who was unable to locate and obtain personal service on defendant, noting "'courts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process' satisfy the 'good cause' requirement of Rule 4(m)") (citation omitted).

### III.   CONCLUSION

The Commission has continued to act diligently in its ongoing effort to serve Long and Rose. The Commission has made repeated attempts to serve these Defendants, and continues actively to attempt to serve them at several different addresses. For the foregoing reasons, the Commission respectfully requests that the Court grant the Commission an additional 120 days from the February 4, 2010 deadline to serve Long and Rose with the Summons and Complaint.

Date:   February 2, 2010                             Respectfully submitted,

                              By:     s/C. Ian Anderson_____
                                     C. Ian Anderson
                                     Senior Trial Counsel
                                     New York Reg. No. 2693067
                                     Direct Dial:  (305) 982-6317
                                     E-mail: andersonci@sec.gov

*Lead Counsel*

Attorney for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida  33131
Telephone: (305) 982-6300
Facsimile:   (305) 536-4154

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 2, 2010, I electronically filed the foregoing document, along with attachments, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document, along with attachments is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                              s/C. Ian Anderson
                                                              C. Ian Anderson

**SERVICE LIST**

Securities and Exchange Commission v. Berkshire Resources, LLC, et al.
Case No. 1:09-0704-SEB-JMS
United States District Court, Southern District of Indiana

| | |
|---|---|
| Peter B. King, Esq.<br>Fowler White Boggs<br>501 East Kennedy Boulevard, Suite 1700<br>Tampa, FL 33602<br>Phone: (813) 222-3316<br>peter.king@fowlerwhite.com<br>*Attorney for Yolanda C. Velazquez* | Berkshire Resources, L.L.C.<br>Berkshire (40L), L.L.P.<br>Berkshire 2006-5, L.L.P.<br>Passmore-5, L.L.P.<br>Gueydan Canal 28-5, L.L.P.<br>Gulf Coast Development #12, L.L.P.<br>Drilling Deep in the Louisiana Water, J.V.<br>c/o Jason Rose<br>7301 Abbott Glen Drive<br>Crestwood, KY 40014<br>*Pro Se* |
| Cory J. Skolnick, Esq.<br>FROST BROWN TODD LLC<br>400 West Market Street, 32nd Floor<br>Louisville, Kentucky 40202<br>Telephone: (502) 589-5400<br>Fax: (502) 581-1087<br>Email: cskolnick@fbtlaw.com<br>*Attorneys for Defendant Jason T. Rose<br>and Relief Defendants<br>Brian C. Rose and Joyce A. Rose* | |