UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CASE NO. 1:09-0704-SEB-JMS

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

v.

**BERKSHIRE RESOURCES, L.L.C.,
BERKSHIRE (40L), L.L.P.,
BERKSHIRE 2006-5, L.L.P.,
PASSMORE-5, L.L.P.,
GUEYDAN CANAL 28-5, L.LP.,
GULF COAST DEVELOPMENT #12, L.L.P.,
DRILLING DEEP IN THE LOUISIANA WATER, J.V.,
JASON T. ROSE,
DAVID G. ROSE,
MARK D. LONG,
YOLANDA C. VELAZQUEZ.**

        **Defendants.**

**BRIAN C. ROSE AND JOYCE A. ROSE,**

        **Relief Defendants.**
_____/

**PLAINTIFF'S THIRD MOTION TO EXTEND TIME TO SERVE
COMPLAINT AND SUMMONS UPON DEFENDANT
DAVID G. ROSE AND SUPPORTING MEMORANDUM OF LAW**

      Plaintiff Securities and Exchange Commission respectfully requests that the Court grant an additional extension of 60 days to serve our Summons and Complaint upon Defendant David G. Rose, pursuant to Fed.R.Civ.P. 4(m).  This is the Commission's third request for an extension.

        **I.**      **BACKGROUND**

      The Commission brought this action on June 9, 2009, to enjoin Berkshire Resources, L.L.C., its principals, Jason T. Rose, and David G. Rose, the five limited liability partnerships and one joint

venture through which Berkshire carried out an offering fraud, and Mark D. Long and Yolanda Velazquez, Berkshire's head sales agents, from continuing to defraud investors through the sale of securities in violation of the federal securities laws. The Commission also named as relief defendants in the action Brian C. Rose and Joyce Rose.

The Commission has now successfully served all of the defendants and relief defendants in this action with the exception of David Rose, who was the primary architect of the fraudulent scheme alleged in the Complaint. Most of the defendants were served in June or July 2009 either by a process server or through their legal counsel. Mark Long, who has been evading service, was recently served on March 25, 2010 [D.E. 60]. David Rose has not appeared in this matter either individually or through legal counsel.

On November 20, 2009, the Court entered a Default Judgment of Permanent Injunction and other Relief against Berkshire Resources, LLC and the related Berkshire entities [D.E. 45]. On December 17, 2009, the Court entered by consent a Final Judgment against Velazquez [D.E. 50]. On March 25, 2010, the Court granted the Commission's request to stay all deadlines for ninety days relating to Jason, Brian, and Joyce Rose in order to allow for time to consider offers of settlement which would resolve all issues as to these parties [D.E. 59]. The only remaining parties not addressed by these orders are Long, who was just served, and David Rose, who has been successfully evading service.

### *Service Attempts on David Rose*

Prior to the first extension of time for service with respect to David Rose and Long in this case granted on October 7, 2009 [D.E. 36], service of process was attempted on Rose on at least five separate occasions. *See* Affidavit of Service, dated October 1, 2009 [D.E. 26, Ex. A]. Numerous attempts were made at his last known address, 12202 Owl Cove Place, Anchorage, KY 40223. *Id.*

2

After October 7, 2009, the process server attempted to serve Rose at the Gene Snyder United States Courthouse in Louisville, Kentucky where Rose was scheduled to appear at a sentencing hearing, but the hearing was rescheduled for December 18, 2009 [D.E. 51, Ex. A]. Rose's December 18, 2009 sentencing hearing was subsequently rescheduled again for February 16, 2010. On January 27, 2010, a further service attempt was made on Rose at his last known address, 12202 Owl Cove Place, Anchorage, KY [D.E. 51, Ex. B]. Throughout this period, the Commission was also attempting to serve Long, but was unsuccessful.

On February 3, 2010, the Court granted the Commission a second extension of time to serve Long and Rose, giving it through April 10, 2010 to do so [D.E. 52]. The process server attempted to serve Rose at his sentencing hearing on February 18, 2010, and at his last known address, but was unable to do so. *See* Affidavit of Service Dated February 26, 2010, attached hereto as Exhibit A. Following these attempts, the Commission retained a private investigator agency to attempt to locate and serve Rose and Long. As detailed in the attached Affidavit of Gil Whitlock, extensive surveillance and investigation was conducted at two addresses in Indiana and two in Kentucky. *See* Exhibit B. As noted above, the investigators were finally able to locate and to serve Long on March 25, 2010 [D.E. 60]. Although Rose was also reported by third parties to have been present at some of those addresses, the private investigators have as of this date, been unable to serve him as well. *Id.*

As demonstrated above, despite continued diligent efforts, the Commission has been unable to serve Defendant Rose. The Commission believes Rose is continuing to evade service, and is actively continuing its attempt to locate and serve him. As with Long, the Commission expects that it will be able to successfully serve Rose if granted additional time to do so. Accordingly, the Commission respectfully requests that the Court grant it an additional limited extension of 60 days to

3

complete service under FRCP 4(m).

## II.    MEMORANDUM OF LAW

Rule 4(m) of the Federal Rules of Civil Procedure provides that service should be made upon a defendant within 120 days after the filing of the Complaint. This rule further provides that if service is not made within that time, the court may dismiss the action without prejudice or direct that service be effected within a specific time "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period." Fed.R.Civ.P. 4(m). The Advisory Committee Notes explain that this Rule requires a court to extend the time for service where the plaintiff shows good cause for failing to serve the defendant within the 120 days and even "authorizes the court to relieve a plaintiff of the consequences of an application of the subdivision even if there is no good cause shown." Advisory Committee's Notes to 1993 and 2007 amendments of Fed.R.Civ.P. 4(m).[1]  The Advisory Committee Notes further provide that additional time for service may be justified where the defendant is evading service. *Id.*

The Eleventh Circuit has specifically recognized that Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horemkamp*, 402 F.3d at 1132 (quoting the Advisory Committee Notes and finding an extension of time to perfect service was warranted where service was not perfected within time limit due to plaintiff's mistake); *Hawkins v. Eslinger, et al.,* No. 6:07-cv-1261-Orl-19UAM, 2008 WL 215710, at *6 (M.D. Fla. Jan. 24, 2008) (citing *Horenkamp*, the court observed "[i]n certain circumstances, a court may extend the period of service even absent the showing of good cause."); *Rustica Franchise Co., Inc. v. Rustica Gainesville, Inc., et al.*, No. 1:07cv234-SPM-AK, 2008 U.S.

---

[1] Although not binding, the interpretation of the Federal Rules of Civil Procedure in the Advisory Committee Notes are accorded great weight in interpreting the federal rules. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (citation omitted).

4

Dist. LEXIS 20061, at *1 (N.D. Fla. Mar. 13, 2008) ("Under [Fed.R.Civ.P.] 4(m), the Court may extend the time for service even when a plaintiff has failed to show good cause") (citing *Horenkamp*, 402 F.3d at 1132).  The Eleventh Circuit specifically referred to the Advisory Committee Notes to explain that a defendant's attempt to evade service would justify an extension of service for good cause shown.  *Id.*

Following the Eleventh Circuit's reasoning, courts in the Middle District of Florida have held "[i]t is well established that "[t]he 120 day mandate imposed by Rule 4([m]) was not meant to be enforced harshly or inflexibly." *Cruz v. R.M. Cleaning of Florida, Inc. et al,* No. 6:07-cv-1899-Orl-18KRS, 2008 U.S. Dist. LEXIS 30958 at *2 (M.D. Fla. Apr. 1, 2008) (citing *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995)); *Campos v. C&S Drywall Co., Inc.*, No. 6:06-cv-1252-Orl-31KRS, 2006 U.S. Dist. LEXIS 92025, at *2 (M.D. Fla. Dec. 20, 2006) (citing *Gambino*, 164 F.R.D. at 274); *Victoria Ins. Co. v. Montanta, et al.*, No. 3:07-cv-1048-J-12MCR, 2008 U.S. Dist. LEXIS 19624 at *1-2 (M.D. Fla. Mar. 13, 2008) (granting motion for extension of time to serve summons and complaint for plaintiff who was unable to locate and obtain personal service on defendant, noting "'courts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process' satisfy the 'good cause' requirement of Rule 4(m)") (citation omitted).

### III.   CONCLUSION

The Commission is continuing to diligently attempt to serve Rose.  The Commission has made repeated attempts to serve this one remaining un-served Defendant, and will continue to actively attempt to serve him at several different addresses.  For the foregoing reasons, the Commission respectfully requests that the Court grant the Commission an additional 60 days from the current April 10, 2010 deadline to serve Rose with the Summons and Complaint.

Date:   April 8, 2010				Respectfully submitted,


					By:	s/C. Ian Anderson
						C. Ian Anderson
						Senior Trial Counsel
						New York Reg. No. 2693067
						Direct Dial:  (305) 982-6317
						E-mail: andersonci@sec.gov
						***Lead Counsel***

						Attorney for Plaintiff
						**SECURITIES AND EXCHANGE COMMISSION**
						801 Brickell Avenue, Suite 1800
						Miami, Florida  33131
						Telephone: (305) 982-6300
						Facsimile:   (305) 536-4154

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 8, 2010, I electronically filed the foregoing document, along with attachments, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document, along with attachments is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/C. Ian Anderson
                                                C. Ian Anderson

**SERVICE LIST**

Securities and Exchange Commission v. Berkshire Resources, LLC, et al.
Case No. 1:09-0704-SEB-JMS
United States District Court, Southern District of Indiana

| | |
|---|---|
| Peter B. King, Esq.<br>Fowler White Boggs<br>501 East Kennedy Boulevard, Suite 1700<br>Tampa, FL 33602<br>Phone: (813) 222-3316<br>peter.king@fowlerwhite.com<br>*Attorney for Yolanda C. Velazquez* | Berkshire Resources, L.L.C.<br>Berkshire (40L), L.L.P.<br>Berkshire 2006-5, L.L.P.<br>Passmore-5, L.L.P.<br>Gueydan Canal 28-5, L.L.P.<br>Gulf Coast Development #12, L.L.P.<br>Drilling Deep in the Louisiana Water, J.V.<br>c/o Jason Rose<br>7301 Abbott Glen Drive<br>Crestwood, KY 40014<br>*Pro Se* |
| Cory J. Skolnick, Esq.<br>FROST BROWN TODD LLC<br>400 West Market Street, 32nd Floor<br>Louisville, Kentucky 40202<br>Telephone: (502) 589-5400<br>Fax: (502) 581-1087<br>Email: cskolnick@fbtlaw.com<br>*Attorneys for Defendant Jason T. Rose*<br>*and Relief Defendants*<br>*Brian C. Rose and Joyce A. Rose* | |

7